# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

            Plaintiff,

v.                                                     Case Number: 19-40074-HLT

JOHN THOMPSON,

            Defendant.

## MEMORANDUM AND ORDER

The district judge referred Defendant John Thompson's Motion to Reopen Detention and for Release Pursuant to 18 U.S.C. § 3142(f) (ECF No. 32) to the undersigned. *See* FED. R. CRIM. P. 59(a). Mr. Thompson asks the court to reopen the detention hearing and authorize his pretrial release.[1] As explained below, the court denies Mr. Thompson's motion to reopen detention because he has not identified new information that has a material bearing on whether the court can fashion conditions of release that will reasonably assure he will appear as required in this action and the safety of others in the community. His decades-long criminal history suggests otherwise. And his proposed release plan, which would involve sharing a room with another convicted felon and thus further his criminal associations, is insufficient to ameliorate the court's concerns. But even if the court were to reopen detention, the court would still deny his motion for release for essentially the same reasons. His motion is therefore denied.

---

[1] After Mr. Thompson filed his motion, the court notified the parties that the court would be deciding this matter based on the parties' papers and gave Mr. Thompson an opportunity to file a supplemental brief in support of his motion. (ECF No. 35.) He filed that supplemental brief on April 10, 2020, and the government filed its response brief on April 23, 2020. (ECF Nos. 38, 40.) This matter is now fully briefed because Mr. Thompson did not file a reply brief, which was due on April 28, 2020. (*See* ECF No. 35 (allowing three business days to file a reply brief).)

**I.     Background**

Mr. Thompson is 59 years old. The Pretrial Services Report reveals that his criminal behavior began about four decades ago when he was 17 years old. Since then, he has been arrested 85 times with no meaningful break in his criminal behavior other than when he was incarcerated. He has been arrested in Manhattan, Junction City, Wichita, and Hutchinson for multiple charges *each* of theft, criminal deprivation of property (including a motor vehicle), criminal use of a weapon, sale of narcotics and other controlled substances, possession of narcotics and other controlled substances, possession of drug paraphernalia, possession of simulated controlled substances or drug paraphernalia, battery, domestic battery, disorderly conduct, obstruction, driving under the influence, transporting an open container, consumption of liquor in public places prohibited, driving while suspended, driving while habitual violator, failure to appear, and probation violations. In addition to multiple arrests for each of the above, he was also arrested for burglary, assault, criminal restraint, attempted theft, possession of depressant/ stimulant/hallucinogenics/steroids, obtaining a prescription drug by fraudulent means, criminal damage to property, battery on a law enforcement officer, possession of stolen property, deliver/ manufacture simulated controlled substances, and warrant arrest for another jurisdiction.

He has convictions for burglary (1980); criminal use of weapon and sale of marijuana (1981); disorderly conduct - twice (1991); driving while suspended (felony), theft, and attempted theft (1992); possession of narcotics (1993); criminal deprivation of a motor vehicle (1997); theft - twice and criminal damage to property (1998); theft - three times, battery on law enforcement officer, battery, and possession of paraphernalia (1999); theft (2000); possession of drug paraphernalia, felony theft, and battery (2001); disorderly conduct and driving under the influence (2004); theft - three times and misdemeanor theft (2005); theft (felony) (2006); driving while

suspended and driving while habitual violator (2011); driving while suspended and transporting an open container (2014); battery and theft (2015); and driving while suspended (2nd offense) (2016). He absconded from parole twice in 1996, twice in 1998, once in 2000, twice in 2003, and once in 2004. In more recent years, he had failures to appear four times in 2006, and he had his probation revoked twice in 2016 and once in 2017.

The indictment in this case charges Mr. Thompson with one count of maintaining a drug-involved premises and one count of possession with the intent to distribute a controlled substance. He appeared before the court on September 19, 2019, and waived his right to a detention hearing. On that basis, the court ordered him detained pending trial. He now advances a release plan to reside at the Open Arms Outreach Ministry in Topeka, where the pastor is willing to let him live in a room attached to the back of the church. He says he cannot work because he is disabled, but that he would spend his time volunteering at the ministry as he is physically able. According to the Pastor, there are plenty of odd jobs and cleanup to keep him busy. Mr. Thompson also contends that he is at a high risk for COVID-19.

In response, the government explains that Mr. Thompson's principal part in a much broader investigation was to allow drug dealers to use his residence to facilitate exchanges of controlled substances. The government points out that both counts in the indictment trigger the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3)(A). The government recalls that Mr. Thompson was unable to rebut this presumption at the time of the original detention hearing because he was not able to articulate a verifiable release plan. The government acknowledges that his proposed release plan now meets his burden to produce "some evidence" to rebut that presumption because the plan appears reasonable on the surface, and therefore the burden of persuasion shifts to the government although the presumption still remains a valid consideration

for the court, in addition to the § 3142(g) factors. The government contends that Mr. Thompson's "unique living situation" in a church in Topeka would ostensibly alleviate some concerns with him repeating the behavior that led to the current charges against him because he would be removed from the residence in Manhattan that he allegedly allowed drug dealers to use.

The court has also considered the recommendation of the Pretrial Services Office ("PTSO"). PTSO does not support release for essentially four reasons. First, Mr. Thompson's proposed living situation raises concerns regarding criminal associations because another individual is already staying in the same room where Mr. Thompson would be staying. That other individual has several pending state cases, including a felony with multiple failures to appear. Second, Mr. Thompson has an extremely lengthy criminal history that spans decades, reflects 85 separate arrests, and includes multiple entries for absconding, failing to appear, and probation violations—the most recent of which are in 2016 and 2017. The PTSO pointed out that the only breaks in Mr. Thompson's criminal history are when he was in custody serving a sentence. Third, Mr. Thompson declined to answer questions about his illegal substance use and this, combined with his prior arrests for drug-related offenses, suggests his personal use of other illicit drugs. And, fourth, the fact that Mr. Thompson would no longer be in the same house/community is insufficient to alleviate concerns because his arrest record (in Manhattan, Junction City, Wichita, etc.) shows that his criminal patterns continue no matter where he is living.

## II. Motion to Reopen Detention and to Authorize Release

Mr. Thompson moves the court to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f). Under that statute, the court may reopen detention

> at any time before trial if the judicial officer finds that [1] information exists that was not known to the movant at the time of the hearing and [2] that has a material bearing on the issue whether

> there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person in the community.

§ 3142(f).

Here, even if the court accepts that Mr. Thompson's proposed release plan consists of new information, the court does not find that the release plan "has a material bearing on the issue whether there are conditions of release that will reasonably assure" that he will appear as required in this action and the safety of others in the community. The court reaches this conclusion for essentially the same reasons articulated by the PTSO, beginning with the fact that Mr. Thompson is essentially proposing to live in the same room as another convicted felon with multiple failures to appear. From the outset, this would violate the court's standard conditions of release that would require Mr. Thompson not to associate with other known felons. This environment would only fuel the court's concerns—based on his exhaustive, decades-long criminal history detailed above—that he will likely be unable to comply with any conditions of release the court would impose. Mr. Thompson argues his criminal activity seems to stem from his drug abuse, which he contends can be addressed through drug and alcohol counseling while on pretrial release. While it seems clear that Mr. Thompson needs drug and alcohol counseling, that will need to occur via a more intense and secure avenue than Mr. Thompson is proposing because the court is unpersuaded that Mr. Thompson will follow a mere court order that he not use drugs or engage in other crimes when years in the criminal system have been insufficient to deter the criminal patterns he has engaged in for decades—likely largely in pursuit of his drug addiction. Those criminal patterns seem to continue no matter where he is living. As such, Mr. Thompson's motion to reopen detention is denied for failing to meet the second factor set forth in § 3142(f).

But even if the court were inclined to reopen the detention hearing, it would still deny Mr. Thompson's motion for release. As the government points out, the charges in this case invoke a rebuttable presumption of detention under § 3142(e)(3)(A)—"that no condition or combination of conditions will reasonable assure [Mr. Thompson's appearance] as required and the safety of the community." The government concedes that Mr. Thompson has met his burden to produce "some evidence" to rebut that presumption. Nevertheless, this presumption remains a factor that the court considers in deciding whether the government has met its burden of proof.

Turning first to the nature and circumstances of the offense charged, Mr. Thompson is charged with running a drug-involved premises and possession with the intent to distribute controlled substances. These are serious charges for which he is facing a lengthy period of incarceration, as evidenced by the fact that the charges trigger the rebuttable presumption under § 3142(e)(3)(A). Moreover, the practical impact of those charges is serious because they are linked to a substantial drug-trafficking organization that is the subject of multiple cases in this court totaling 59 defendants that resulted from months of federal surveillance, for which the evidence as a whole is strong. But perhaps most obviously, Mr. Thompson's extensive criminal history is overwhelming, and yet his criminal patterns undeterred. To the contrary, his criminal history has escalated over the years, to the point that he is now facing federal charges for operating a drug-involved premises associated with an expansive criminal drug enterprise. His criminal behaviors have undoubtedly left a trail of victims—via his extensive drug trafficking, stealing, acts of violence, and numerous other irresponsible behaviors. Furthermore, his history of absconding, failures to appear, and probation violations persuade the court that he is not likely to comply with release conditions requiring him to appear and to surrender to serve any sentence the court may impose. His serial criminal behavior and involvement with drugs and related crimes—for so

many decades—will likely continue and it therefore poses a serious risk of harm to others in the community.

Lastly, the court acknowledges Mr. Thompson's stated COVID-19 concerns. The court has considered this argument in light of this court's analysis in *United States v. Clark*, No. 19-40068, --- F. Supp. 3d ---, 2020 WL 1446895, at *1 (D. Kan. Mar. 25, 2020). But although Mr. Thompson refers to COVID-19 concerns, he does not articulate how these concerns correlate to the court's analysis under § 3142(f). In other words, he does not state any way in which his COVID-19 concerns would make him *less* of a risk of non-appearance or a danger to others if he were released. Even if the court were to construe this aspect of his motion pursuant to § 3142(i), the court would deny it based on the *Clark* factors. As explained above, strong reasons justify his detention. If he were released, his established pattern of criminal behavior would present both a risk of nonappearance and a danger of harm to others. His stated COVID-19 concerns are generalized and not specific. He relies on the fact that he is 59 years old and suffers from a variety of deteriorating health problems, none of which are recognized by the CDC as COVID-19 risk factors. His proposed release plan has nothing to do with his COVID-19 risks, and therefore does not appear to be tailored to mitigate or exacerbate his risks. Likewise, his proposed release plan would not appear to increase or decrease the risk of harm to others because it really has nothing to do with COVID-19. As such, he has not established that his release is "necessary . . . for another compelling reason" as required by § 3142(i).

For all of the above reasons, the court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of others in the community if Mr. Thompson were released. The court also finds by a preponderance of the

evidence that no condition or combination of conditions of release will reasonably assure that he will appear as required if he were released.

**IT IS THEREFORE ORDERED** that Mr. Thompson's Motion to Reopen Detention and for Release Pursuant to 18 U.S.C. § 3142(f) (ECF No. 32) is denied.

**IT IS SO ORDERED**.

Dated this 4th day of May, 2020.

s/Angel D. Mitchell
Angel D. Mitchell
United States Magistrate Judge
